19-884
Lin v. Wilkinson

BIA
A073 036 406

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

CHANG YAN LIN,
> *Petitioner,*

v.                                                      19-884
                                                        NAC

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          Vlad Kuzmin, Esq., New York, NY.

FOR RESPONDENT:          [VACANT], Acting Assistant
                         Attorney General; Leslie McKay,

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

Senior Litigation Counsel, Madeline Henley, Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Chang Yan Lin, a native and citizen of the People's Republic of China, seeks review of a March 6, 2019, decision of the BIA denying his third motion to reopen his deportation proceedings. *In re Chang Yan Lin,* No. A073 036 406 (B.I.A. March 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Lin's motion to reopen. It is undisputed that Lin's 2018 motion was untimely and number barred because the BIA affirmed Lin's deportation order in June 2002 and he filed two prior motions to reopen. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). Lin's approved visa petition and purported eligibility to adjust status do not implicate

2

an exception to the time and number limitations. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (holding "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board"). Accordingly, the only remaining basis for reopening was the BIA's authority to reopen sua sponte despite the time and number limitations. *See* 8 C.F.R. § 1003.2(a); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority"). However, the BIA's decision not to exercise that authority is "entirely discretionary" and beyond the scope of our review. *Ali*, 448 F.3d at 518. Lin's res judicata arguments are not properly before us because he did not assert a res judicata claim before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (generally requiring issues to be raised before the BIA); *see also Totalplan Corp. of Am. v. Colborne*, 14 F.3d 824, 832 (2d Cir. 1994) ("Because res

3

judicata is an affirmative defense, it should have been asserted as soon as it was available . . . Appellees' failure to raise res judicata until appeal constitutes waiver of that defense.").

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4